UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SARAH BORGQUIST as next best friend
of NATHANIEL and ASHER BORGQUIST,
SARAH BORGQUIST and JOHN BORGQUIST,
individually

    Plaintiffs,

vs.

MEDICAL LIABILITY MUTUAL
INSURANCE COMPANY

    Defendant

04 1256...

MAGISTRATE JUDGE _____

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE _____

## COMPLAINT

### JURISDICTION

The United States District Court has jurisdiction over this matter on the basis of diversity of citizenship pursuant to 28 U.S.C., Sections 1332 and 1441 et seq., as the parties are citizens of different states.

### COUNT ONE

1.    Plaintiff, Sarah Borgquist, is a resident of the Town of Manchester, County of Essex, Commonwealth of Massachusetts.

2.    Plaintiff, John Borgquist, is the husband of Sarah Borgquist and a resident of the Town of Manchester, County of Essex, Commonwealth of Massachusetts.

1

3. Plaintiffs Sarah Borgquist and John Borgquist are the parents of the minor decedents Nathaniel and Asher Borgquist.

4. The Defendant, Medical Liability Mutual Insurance Company, at all times herein mentioned, was a corporation providing medical malpractice insurance to physicians and maintained place of business in the State of New York.

5. This is an action for damages pursuant to Regulations of Business Practices for Consumer Protection, G.L. c. 93A, section 2 and section 9 (1) & (3) as said regulations relate to the unfair methods of competition and unfair and deceptive acts and practices and that business of insurance, G.L. c. 176D, section 3, clause 9(f).

4. On or about July 17, 2002 the Plaintiffs filed a Complaint in the Essex County, Commonwealth of Massachusetts, Superior Court alleging that the Stacy L. Veitch, M.D. and Deborah A. Bradley, M.D. fell below the standard of care of the average qualified obstetrician/gynecologist in their care and treatment of Plaintiff Sarah Borgquist on May 25, 2001 through June 11, 2001;

5. Following the completion of discovery, it became reasonably clear that Stacy L. Veitch, M.D. and Deborah A. Bradley, M.D.. fell below the standard of care of the average qualified obstetrician/gynecologist in their care and treatment of Plaintiff Sarah Borgquist on May 25, 2001 through June 11, 2001;

6. As a result of the medical negligence of Stacy L. Veitch, M.D. and Deborah A. Bradley, M.D.the the minor children Nathaniel and Asher Borgquist were caused to suffer severe and did suffer permanent personal injuries and wrongful death.

7. Defendant, Medical Liability Mutual Insurance Company, insured Stacy L. Veitch, M.D. and Deborah A. Bradley, M.D. for medical malpractice matters in the amount of One Million ($1,000,000.00) Dollars each.

8. On May 22, 2004 a detailed letter of demand outlining the failure of of Stacy L. Veitch, M.D. and Deborah A. Bradley, M.D was sent to the Medical Liability Mutual Insurance Company on behalf of the Plaintiffs demanding the limit of the insurance policy for each Defendant.

9. Defendant, Medical Liability Mutual Insurance Company, did not make an offer of settlement in response to the letter of demand.

10. On October 20, 2004 the Plaintiffs sent a final letter of demand pursuant to M.G.L. c. 93A, M.G.L. c. 176D, section 3.

11. The conduct of the defendant, Defendant Medical Liability Mutual Insurance Company, in failing to respond to Plaintiffs' communication of October 20, 2004 with an offer to equitably, promptly and fairly settle this claim where liability has become reasonably clear constitutes unfair claims settlement practices by reason of the following act or omission under M.G.L. c. 176D, section 3:

>  Section 9 - Unfair Claims Practices

> And unfair claim settlement practice shall consist of any of the following acts or omissions:

>> (f) Failing to effectuate prompt, fair and equitable settlements of claims which liabilities has become reasonably clear;

12. The prohibiting conduct referred to in paragraph eleven and twelve in this complaint violates the provision of M.G.L. c. 93A section 2 which states: unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

13. The acts and practices of Defendant, Medical Liability Mutual Insurance Company that resulted in the loses hereinafter described, were done willfully or knowingly in violation of M.G.L. c. 93A section 2 as set forth above.

14. On October 20, 2004, the Plaintiff issued to Defendant, a written demand for relief pursuant to M.G.L. c. 93A, identifying the claim and reasonably describing the
unfair or deceptive acts or practices relied upon and the injuries suffered. The written demand for relief dated October 20, 2004, and received by the defendants shortly thereafter is attached hereto and incorporated by reference as Exhibit 1.

15. During the thirty (30) days during which an offer or tender of settlement may have been made as prescribed by M.G.L. c. 93A, section 9 (3), the defendant, the Defendant, Medical Liability Mutual Insurance Company, failed to respond to plaintiff's 93A demand letter with a reasonable offer of settlement.

16. Defendant, Medical Liability Mutual Insurance Company's, refusal to grant adequate relief upon demand was made in bad faith with knowledge or reason to know that the acts or practices complained of violated M.G.L. c. 93A, section 2.

17. By reason of the Defendant Medical Liability Mutual Insurance Company's past, present and continuing unfair claims to settlement practices, as set forth above in this complaint, Plaintiff has and continues to be damaged by Defendant's delay or avoidance, whereby Defendant has been, is now and shall continue to realize unjust enrichment through interest and invested investment income for sums of money that defendant, ought to have paid over to the Plaintiff for said violation enumerated above.

**Wherefore**, Plaintiff prays as follows: That the damages actually caused to plaintiff for the unfair and deceptive act or practices complained of have been

established, that judgment entered pursuant to M.G.L. c. 93A, section 9 (3) in the amount double or triple the actual damages established in section "a" above ; that the Plaintiff be awarded reasonable attorney's fees pursuant to M.G.L. c, 93A, section 9(4);], that Plaintiff be awarded costs incurred in connection with this action pursuant to M.G.L. c. 93A section 9(4); that this Honorable Court order such other relief as deemed proper and necessary under the circumstances.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS

Respectfully submitted this 2nd day of December, 2004

The Plaintiffs By and Through Counsel,

Kenneth M. Levine, BBO# 296850
Sheila Mone, BBO# 634615
Kenneth M. Levine & Associates
370 Washington Street
Brookline, Massachusetts 02445
617-566-2700

KENNETH M. LEVINE & ASSOCIATES

ATTORNEYS AT LAW

370 WASHINGTON STREET

BROOKLINE VILLAGE, MASSACHUSETTS 02445

(617) 566-2700

FAX (617) 566-6144

October 20, 2004

Joshua Formica
MLMC
8 British American Boulevard
Latham, New York 12110

    RE    Borgquist v. Veitch/Bradley
           Your file No. 201027-01/201028-01

Dear Mr. Formica,

    I am in receipt of your most recent letter concerning settlement of the above referenced case. I understand that you are completing your review of the case. Obviously, I fell very strongly that there is no defense to the Plaintiffs' case, and that this case should be settled. Massachusetts General Laws Chapter 93 A §9(1)(3) and Chapter 176 D, §3 allow me to file suit directly against the insurer if the failure to effectuate settlement is based upon unfair or deceptive acts by the insurer. The law requires that I make written demand thirty days prior to filing suit.

    In my opinion, you have had ample time to evaluate your position in this case. I appreciate that you feel otherwise. I am sending you this letter of demand pursuant to to Massachusetts General Laws Chapter 93 A §9(1)(3) and Chapter 176 D, §3 at this time. The law allows you thirty days to respond. I assume that you will have a reply within thirty days. In this way, should you decide not to resolve the case through settlement, I will be able to file suit against MLMC in the United States District Court thirty days from now, and will not have to wait any additional time.

    As stated, I am writing to you pursuant to Massachusetts General Laws Chapter 93 A §9(1)(3) and Chapter 176 D, §3 and the case of *Miller v. Risk Management Foundation of the Harvard Medical Institutions, Inc.* 36 Mass. App. Ct. 411 (1994) to present written demand to the Healthcare Underwriters Mutual Insurance Company for relief from the unfair and deceptive acts and practices employed by your agents, servants or employees in regards to the case of Borgquist v. Veitch/Bradley.

    In compliance with clause 3 of Chapter 93A §9, I submit this demand for relief thirty days prior to the commencement of a civil action based upon the violation by your company of the provisions of Massachusetts General Laws, Chapter 176D, §3, clause 9(f). I demand that you retain the original of the correspondence for its expected use as evidence in a court proceeding.

1

KENNETH M. LEVINE & ASSOCIATES

Page two
October 20, 2004

This letter shall serve as compliance with the provisions of Chapter 93A, §9, clause 3 which requires me to "reasonably describe the unfair act or practice relied upon and the injury suffered."

## UNFAIR OR DECEPTIVE ACTS OR PRACTICES

As you are aware, the discovery that has been conducted to date has clearly established that the Defendants acted negligently during the course of their care for Sarah Borgquist. Dr. Veitch failed to appreciate, diagnose and appropriately treat pyelonephritis in Mrs. Borgquist given her symptoms which included flank pain, nausea and vomiting with fever, all in the face of a known E. Coli asymptomatic bacteriuria that was resistant to ampicillin. Dr. Veitch failed to timely admit Mrs. Borgquist and failed to administer appropriate intravenous antibiotics for the E. Coli pyleonephritis. Had Dr. Veitch properly cared for Mrs. Borgquist, her illness would not have progressed to pyelonephritis and urosepsis causing preterm labor and fetal demise.

Dr. Bradley fell below the standard of care in her care and treatment of Ms. Borgquist as well. Dr. Bradley failed to appreciate, diagnose and appropriately treat Mrs. Borgquist given her known history of a recent E. Coli asymptomatic bacteriuria coupled with her very recent history of fever, flank pain, nausea and vomiting. Had Dr. Bradley appropriately diagnosed and treated Mrs. Borgquist's E. Coli asymptomatic bacteriuria with adequate intravenous coverage it would probably not have proceeded to pyelonephritis and urosepsis causing preterm labor and fetal demise.

Mrs. Borgquist was an 18 year old gravida I, para I with a twin gestation who was seen by Stacy Veitch, M.D. on or about June 4, 2001. At that time, Dr. Veitch prescribed a seven-day course of Amoxicillin (500 mg. TID) for the treatment of a urine culture, taken on May 25, 2001, which was positive for E. Coli.

The following day, June 5, 2001, Mrs. Borgquist presented to Beverly Hospital for a scheduled ultrasound. Dr. Veitch received a telephone call from the ultrasound technician concerning Mrs. Borgquist, who was then present for the ultrasound. According to Dr. Veitch's entry in Mrs. Borgquist's medical record, Mrs. Borgquist was nauseous and vomiting all day. She vomited two basins of green fluid while in the ultrasound room. In addition, the medical record reveals that Mrs. Borgquist was febrile to 102.4 and complaining of back pain. Dr. Veitch sent Mrs. Borgquist to the Medical Day Care for intravenous fluids and one dose of Zofran. Mrs. Borgquist was then discharged without receiving intravenous antibiotics.

2

KENNETH M. LEVINE & ASSOCIATES

Page three
October 20, 2004

On June 8, 2001, Mrs. Borgquist presented to Beverly Hospital complaining of vomiting and diarrhea. She was given intravenous hydration per Dr. Veitch's orders, and was also prescribed Tylenol. Mrs. Borgquist was again discharged without receiving intravenous antibiotics.

On June 9, 2001 Mrs. Borgquist again presented to Beverly Hospital. Dr. Bradley saw her with complaints of cramping. She was given one dose of Mefoxin intravenously and discharged.

On or about June 10, 2001, Mrs. Borgquist presented to Beverly hospital in preterm labor complaining of cramps and bleeding. She was found to have urosepsis. Ms. Borgquist was admitted, given one dose of intravenous mefoxin and then transferred to Beth Israel Hospital. Mrs. Borgquist's preterm labor progressed and on June 10, 2001 at twenty-three weeks she delivered her twins vaginally with fetal demise on delivery.

The Deposition of Dr. Bradley was taken on March 24, 2004. Based upon the deposition, the Plaintiffs will move for summary judgment against Dr. Veitch. Dr. Bradley clearly stated that the standard of care for a febrile patient complaining of diarrhea, and vomiting while in the hospital it to admit the patient for a course of IV antibiotics. Dr. Bradley confirmed that if the patient is given oral antibiotics, and is vomiting, the medication would not have an effect. In the case of Sarah Borgquist, on June 5th and again on June 8th, Dr. Veitch certainly should have prescribed IV antibiotics. Had Dr. Veitch done so, Sarah Borgquist would not have gone into pre-term labor, which ultimately caused the death of her twins.

The Autopsy report indicates the presence of e coli bacteria in the lungs of the twins, although the real issue is that the urosepsis caused Mrs. Borgquist to go into active labor, and deliver the twins, before they were able to sustain life outside of the womb. In fact, the autopsy slides and findings are irreleveant. The twins did not die because they were ill, they died because their mother was ill, went untreated by Dr. Vietch and Dr. Bradley, resulting premature delivery of the infants. Dr. Bradley herself has stated that untreated urosepsis can result in early labor and delivery.

I urge you to move toward settlement of this case. According to *Susan Morrison, v. Toys "R" US, Inc.*, Massachusetts, 13 Mass.L.Rptr. 134, the legal duty "to effectuate prompt, faith and equitable settlements of claims in which liability has become reasonably clear" is a statutory duty. G.L. c. 176D, S. 3(9)(f); *Clegg v. Butler*, 424 Mass. 413, 418-19 (1997). The law imposes this duty on persons "engaged in the business of insurance" who have the statutory duty to effectuate prompt, fair settlements when liability has become reasonably clear. G.L. c. 176D, s. 1(a) and s. 3; *Poznik v. Massachusetts Medical Professional Insurance Association*, 417 Mass. 48, 51 (1994).

3

KENNETH M. LEVINE & ASSOCIATES

Page Four
October 20, 2004

      The "business of insurance 'involves profit driven decisions about premiums, commissions, marketing, reserves and settlement policies and practices." *Poznik v. Massachusetts Medical Professional Insurance Association,* 417 Mass. 48, 51 (1994).

      The Plaintiff has made a myriad of attempts to settle this case to no avail. Demand is made for the full amount of Dr. Bradley and Dr. Veitch's' policies of insurance. Should you refuse to discuss settlement prior to trial, I shall inform Dr. Bradley and Dr. Veitch of his ability to assign to me his right against Healthcare Underwriters Mutual Insurance Company, should the verdict of the jury exceed the limit of his policy. Again, I urge you to resolve this matter for the good of all concerned. If no reasonable offer is made within 30 days, we will file suit in the United States Districts Court.

      I look forward to hearing from you.

                            Very truly yours,

                            KENNETH M. LEVINE & ASSOCIATES

                            Kenneth M. Levine

KML/aaa

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Sarah Borgquist v Medical Liability Mutual Insurance Company__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                              YES ___    [NO]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                              YES ___    [NO]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                              YES ___    [NO]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                              YES ___    [NO]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                              [YES]      NO

   A. If yes, in which division do all of the non-governmental parties reside?

      [Eastern Division]         Central Division         Western Division

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division           Central Division         Western Division

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                              YES ___    [NO]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Kenneth M Levine, Esq__
ADDRESS __370 Washington Street, Brookline, MA 02445__
TELEPHONE NO. __(617) 566-2700__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Sarah Bergquist as next best friend of Nathaniel and Asher Bergquist, Sarah Bergquist and John Bergquist, Individually

**DEFENDANTS** Medical Liability Mutual Insurance Company

(b) County of Residence of First Listed Plaintiff __Essex__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __New York__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kenneth M Levine + Associates 370 Washington Street Brookline MA 02445 (617) 566-2700

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIW C/DIW W (405(g)) | ☐ 894 Energy Allocation Act |
|  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) |  |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Torts to Land |  | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☒ 890 Other Statutory Actions |
|  |  | ☐ 550 Civil Rights | ☐ 871 IRS Third Party 26 USC 7609 |  |
|  |  | ☐ 555 Prison Condition |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Insurance Bad Faith

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _Kenneth M. Levine_

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____