UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A.NO.: 1:04-CV-12562-WGY

SARAH BROGQUIST AS NEXT BEST FRIEND :
OF NATHANIEL AND ASHER BORGQUIST, :
SARAH BORGQUIST AND JOHN BORGQUIST, :
INDIVIDUALLY :
      Plaintiff :
:
vs. :
:
:
:
MEDICAL LIABILITY MUTUAL INSURANCE :
COMPANY :
      Defendant :
:

ANSWER OF DEFENDANT
MEDICAL LIABILITY MUTUAL INSURANCE COMPANY
TO PLAINTIFFS' COMPLAINT;
DEFENDANT'S DEMAND FOR JURY TRIAL

Jurisdiction

The Defendant Medical Liability Mutual Insurance Company denies the allegations as to jurisdiction.

COUNT ONE

1. The Defendant Medical Liability Mutual Insurance Company is without knowledge or information at this time sufficient to admit or to deny the allegations within ¶1 of Plaintiffs' Complaint and therefore denies the allegations and calls upon Plaintiffs to prove said allegations.

2. The Defendant Medical Liability Mutual Insurance Company is without knowledge or information at this time sufficient to admit or to deny the allegations, including the allegation as to capacity, within ¶2 of Plaintiffs' Complaint and therefore denies the allegations and calls upon Plaintiffs to prove the allegations.

Sarah Borgquist as next best friend of Nathaniel Borgquist          2
And Asher Borgquist and John Borquist, Individually v.
Medical Liability Mutual Insurance Company
Answer of Defendant Medical Mutual Insurance Company
To Plaintiffs' Complaint

3. The Defendant Medical Liability Mutual Insurance Company is without knowledge or information at this time sufficient to admit or to deny the allegations, including the allegations as to capacity, within ¶3 of Plaintiffs' Complaint and therefore denies the allegations and calls upon Plaintiffs to prove the allegations.

4. The Defendant Medical Liability Mutual Insurance Company admits only that it is a mutual insurance company owned and directed by its members, and that it provides medical malpractice insurance to healthcare providers, including to physicians, and that it has one of its places of business in New York State, and denies any remaining allegations.

5. The Defendant Medical Liability Mutual Insurance Company denies that Plaintiffs have any causes of action against it, whether under the statute as referenced or on any other basis.

4. (sic)  The Defendant Medical Liability Mutual Insurance Company denies based on the public docket that said complaint was filed on or about July 17, 2002, admits that the allegations included medical malpractice but denies that the allegations were limited thereto.

5. (sic) The Defendant Medical Liability Mutual Insurance Company denies the allegations within ¶5 (sic) of Plaintiffs' Complaint.

6. The Defendant Medical Liability Mutual Insurance Company denies the allegations within ¶6 of Plaintiffs' Complaint.

7. The Defendant Medical Liability Mutual Insurance Company admits only Stacy L. Veitch, M.D., and Deborah A. Bradley, M.D., held medical malpractice insurance policies with the Defendant at certain points in time, but denies the open-ended allegations within ¶7 of Plaintiffs' Complaint.

8. The Defendant Medical Liability Mutual Insurance Company, after reasonable search, denies the allegations within, and the characterizations within, ¶8 of Plaintiffs' Complaint.

9. The Defendant Medical Liability Mutual Insurance Company incorporates its answer to ¶8 and denies that any response would be due.

Sarah Borgquist as next best friend of Nathaniel Borgquist
And Asher Borgquist and John Borquist, Individually v.
Medical Liability Mutual Insurance Company
Answer of Defendant Medical Mutual Insurance Company
To Plaintiffs' Complaint

3

10. The Defendant Medical Liability Mutual Insurance Company admits only to receipt of a letter dated October 20, 2004, but denies that said letter either complied or comported with the requirements for, or prerequisites to and/or for a M.G.L.c.93A and/or a M.G.L.c. 176D letter and further denies the characterization of such letter.

11. The Defendant Medical Liability Mutual Insurance Company denies the allegations within ¶11 of Plaintiffs' Complaint.

12. The Defendant Medical Liability Mutual Insurance Company denies the allegation of "prohibiting" (sic) conduct, denies that it engaged in any prohibited conduct, denies the allegations of violation of M.G.L.c.93A, section 2, and is unable to admit or to deny any remaining allegations in that the references to paragraphs 11 and 12(sic) are not comprehensible, and therefore denies any remaining allegations and calls upon Plaintiffs to prove any remaining allegations.

13. The Defendant Medical Liability Mutual Insurance Company denies each and every allegation within ¶13 of Plaintiffs' Complaint.

14. The Defendant Medical Liability Mutual Insurance Company admits only that to receipt of a letter dated October 20, 2004, but denies all remaining allegations and characterizations as to said letter, and denies that said letter comported with the statutory requirements and conditions precedent of M.G.L.c. 93A, and further denies that that any Exhibit 1 was attached to the Complaint as served on the Defendant.

15. The Defendant Medical Liability Mutual Insurance Company incorporates its answer to ¶14, denies that it failed to respond to the October 14, 2004 letter, and denies that any offer or tender was either due or warranted.

16. The Defendant Medical Liability Mutual Insurance Company denies the allegations within ¶16 of Plaintiffs' Complaint.

17. The Defendant Medical Liability Mutual Insurance Company denies the allegations within ¶17 of Plaintiffs' Complaint.

WHEREFORE the Defendant Medical Mutual Insurance Company denies that Plaintiffs have a cause of action against it, denies that Plaintiffs are entitled to any of the relief sought, and moves for the dismissal of Plaintiffs' Complaint or in the alternative for entry of judgment in favor of the Defendant.

Sarah Borgquist as next best friend of Nathaniel Borgquist
And Asher Borgquist and John Borquist, Individually v.
Medical Liability Mutual Insurance Company
Answer of Defendant Medical Mutual Insurance Company
To Plaintiffs' Complaint

4

## AFFIRMATIVE DEFENSES

First Affirmative Defense

Plaintiffs' Complaint must be dismissed for lack of jurisdiction over the subject matter as there is a lack of diversity of citizenship as to the parties, wherein the defendant is an unincorporated mutual insurance company owned and controlled by its members and/or wherein there is an insufficient amount in controversy. Rule 12(b)(1), Fed. R. Civ. P.

Second Affirmative Defense

Plaintiffs' Complaint must be dismissed for lack of jurisdiction over the person wherein Medical Liability Mutual Insurance Company is an unincorporated mutual insurance company owned and directed by its members. Rule 12(b)(2), Fed. R. Civ. P.

Third Affirmative Defense

Plaintiffs' Complaint must be dismissed for failure to state a cause of action upon which relief may be granted. Rule 12(b)(6), Fed. R. Civ. P. The grounds for this include, but are not limited to: the Defendant was not engaged in trade and/or commerce; and/or as the defendant is a non-profit entity; and/or as the defendant is a governmentally created entity is not subject to M.G.L.c. 93A; and/or as Plaintiffs lack capacity to commence and/or maintain this action and the underlying action; and/or as Plaintiffs failed to give the requisite statutory notice in compliance with said statutes, including but not limited as to the content of any notices; and/or as such failure by Plaintiffs constitutes a failure to comply with conditions precedent to commencing suit; and/or as filing of suit was premature; and/or wherein liability was not and is not reasonably clear; wherein the Defendant has undertaken reasonable investigation; and /or the Defendant has advised Plaintiffs that it has a supportive expert review; and/or wherein Plaintiffs own conduct to provide requested information, including but not limited to providing pathology slides that were within Plaintiffs' possession, constitutes estoppel; and/or there has been no unfair trade practice, unfair settlement practice or unfair or deceptive act; wherein there has been no loss or damage or adverse effect to the Plaintiffs. Rule 12(b)(6), Fed. R. Civ. P.

Fourth Affirmative Defense

Sarah Borgquist as next best friend of Nathaniel Borgquist
And Asher Borgquist and John Borquist, Individually v.
Medical Liability Mutual Insurance Company
Answer of Defendant Medical Mutual Insurance Company
To Plaintiffs' Complaint

5

Plaintiffs' Complaint for double and/or treble damages and/or attorneys fees must be dismissed for failure to state a cause of action upon which relief may be granted as Plaintiffs did not provide appropriate notice of such claim for multiple damages and/or fees in any M.G.L.c.93A demand letter; and/or as there was no willful or knowing violation of statutes; and/or as there was no bad faith refusal to grant relief upon any demand; and/or as no judgment has entered; and/or as Plaintiffs' own conduct operates as an estoppel to provision of double and/or treble damages. Rule 12(b)(6), Fed. R. Civ. P.

Fifth Affirmative Defense

Plaintiffs' Complaint must be dismissed for failure to comply with the statutory conditions precedent to commencing an action under M.G.L.c. 93A. Rules 9(c) and 12(b)(6), Mass. R. Civ. P.

Sixth Affirmative Defense

Plaintiffs' Complaint must be dismissed wherein Plaintiffs have brought this action as next best friend of the decedent and/or individually, and therefore lack capacity to maintain either their underlying action in the Essex Superior Court or in this Court; M.G.L.c. 229 specifically provides that only a duly appointed executor and/or administrator may bring an action in wrongful death. Therefore Plaintiffs lack capacity to bring and/or maintain this action or the underlying action upon which this action is based. Rules 9(a) and 12(b)(6), Fed. R. Civ. P.; M.G.L.c. 229, §2.

Seventh Affirmative Defense

The Medical Liability Mutual Insurance Company preserves the affirmative defense of status as a non-profit corporation organized for a charitable purpose and to which the provisions of M.G.L.c. 231, §85K are applicable to limit recovery, if any, in accordance with said statute.

Eighth Affirmative Defense

Plaintiffs are estopped by their own conduct in that said conduct, including but not limited to Plaintiffs' delay in providing pathology specimens that were within Plaintiffs' possession, from bringing and/or maintaining this action.

Sarah Borgquist as next best friend of Nathaniel Borgquist     6
And Asher Borgquist and John Borquist, Individually v.
Medical Liability Mutual Insurance Company
Answer of Defendant Medical Mutual Insurance Company
To Plaintiffs' Complaint

Ninth Affirmative Defense

The Defendant reserves the right to raise such additional affirmative defenses as become known and/or available during the course of this action.

## DEMAND FOR JURY TRIAL

The Defendant demands trial by jury on all issues so triable.

                         Respectfully submitted
                         Medical Liability Mutual
                         Insurance Company
                         by counsel,

                         Martin C. Foster
                         B.B.O. #175860
                         Joan Eldridge
                         B.B.O. #152720
                         Foster & Eldridge
                         One Canal Park, Suite 2100
                         Cambridge, MA 02141
                         Telephone: (617) 252-3366

Date:

### CERTIFICATE OF SERVICE

I, Joan Eldridge, hereby certify that on this day I served a copy of Answer of Defendant Medical Liability Mutual Insurance Company to Plaintiffs' Complaint; Defendant's Demand for Jury Trial on:

                         Sheila Mone, Esquire
                         Kenneth M. Levine & Associates
                         370 Washinton Street
                         Brookline, MA 02445

By hand delivery to the above.

Signed under the pains and penalties of perjury.

                         Joan Eldridge, B.B.O. #152720
                         Foster & Eldridge
                         One Canal Park, Suite 2100
                         Cambridge, MA 02141
DATE:                     Telephone: 617-252-3366