**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

C.A.NO.: 1:04-CV-12562WGY

| | |
|---|---|
| SARAH BROGQUIST AS NEXT BEST FRIEND | : |
| OF NATHANIEL AND ASHER BORGQUIST, | : |
| SARAH BORGQUIST AND JOHN BORGQUIST, | : |
| INDIVIDUALLY | : |
| Plaintiff | : |
| | : |
| vs. | : |
| | : |
| | : |
| MEDICAL LIABILITY MUTUAL INSURANCE | : |
| COMPANY | : |
| Defendant | : |
| | : |

**DEFENDANT MEDICAL LIABILITY MUTUAL INSURANCE**
**COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO STAY**
**DISCOVERY**

Now comes the Defendant, Medical Liability Mutual Insurance Company

("MLMIC") to request that this Honorable Court stay discovery in the above

captioned action. As grounds therefore, Defendant states that the present action

alleges that the Defendant insurer engaged in unfair settlement practices under

Massachusetts General Law Chapter 93A in violation of Massachusetts General

Law Chapter 176D. The alleged unfair settlement practices stem from an

unresolved matter, Borgquist v. Veitch-Bradley, a medical malpractice action

currently pending in Essex Superior Court Civil Action No.: ESCV2002-01561.

Therefore, until the underlying claim is resolved, discovery in the 93A action

should be stayed. In further support, the Defendant states the following:

Sarah Borgquist as next best friend of Nathaniel Borgquist                                    2
And Asher Borgquist and John Borquist, Individually v.
Medical Liability Mutual Insurance Company
Memorandum in Support of Motion to Stay Discovery

## Introduction

On August 15, 2002, the Plaintiff Sarah Borgquist filed her complaint in

Essex Superior Court alleging that Defendants Stacy L. Veitch, M.D. and Deborah

A. Bradley, M.D. negligently treated her during her twin pregnancy in 2001.

Plaintiff further alleges that the Defendants negligence resulted in premature labor

and the death of both infants.  Doctors Veitch and Bradley are insured by MLMIC.

On October 20, 2004, the Plaintiff, through counsel, issued a demand letter

pursuant to Massachusetts General Laws Chapter 93A and 176D to the Defendant

MLMIC for failure to make a reasonable offer to settle the underlying medical

malpractice claim against MLMIC's insureds, Doctors Veitch and Bradley.  On

November 17, 2004, the Defendant MLMIC responded to the Plaintiff's demand

letter denying any unfair settlement practices and outlining that the Defendant

MLMIC's inability to complete its thorough analysis of the plaintiffs' case has

based almost  exclusively on the Plaintiff's lack of cooperation.

Given that MLMIC was not obligated to settle any claim against its

insureds unless and until the insureds' liability and the claimant's damages were

reasonably clear, G.L. c. 176D, §3(9)(f); *See also Van Dyke v. St. Paul Fire &*

*Marine Ins. Co.,* 388 Mass. 671 (1983), MLMIC declined to make any settlement

offer on behalf of its insureds.

Sarah Borgquist as next best friend of Nathaniel Borgquist
And Asher Borgquist and John Borquist, Individually v.
Medical Liability Mutual Insurance Company
Memorandum in Support of Motion to Stay Discovery

3

## Argument

## 93A CLAIM AGAINST INSURER IS PREMATURE UNTIL THE INSURED PHYSICIANS HAVE BEEN FOUND LIABLE IN UNDERLYING MEDICAL MALPRACTICE CASE

"There is a body of unpublished, single justice decisions from the Supreme Judicial Court and the Massachusetts Appeals Court that have, on interlocutory appeal, stayed proceedings and discovery in G.L.c. 93A litigation based upon G.L.c. 176D." Sanchez v. Witham, 2003 WL 1880131 (Mass. App. Div.). "These decisions note that a motion to… stay discovery is routinely allowed, if only to prevent discovery of the insurer's impressions of the case based upon legal theory and privileged communications, and thereby prevent intereference with the insured's right to be adequately defended." Id.

"[T]o authorize discovery in an unfair settlement claim before the underlying claim has been established is to get the cases in the wrong order." Id. (citations omitted).

Therefore, the Plaintiff's underlying medical malpractice claims against Doctors Veitch and Bradley should be established prior to an action for unfair settlement practices against the physicians' insurer, MLMIC. Thus, the Defendant MLMIC respectfully requests that this Honorable Court stay discovery in the above captioned action until the resolution of the underlying medical malpractice case

Sarah Borgquist as next best friend of Nathaniel Borgquist                                4
And Asher Borgquist and John Borquist, Individually v.
Medical Liability Mutual Insurance Company
Memorandum in Support of Motion to Stay Discovery

WHEREFORE, for all of the reasons set forth herein, Defendant

respectfully requests that this Court stay discovery in the above captioned matter.

Respectfully submitted
Medical Liability Mutual
Insurance Company
by counsel,

Kurt M. Schmidt, Jr.
B.B.O. #564987
Tracy Morong
B.B.O. #647480
Foster & Eldridge
One Canal Park, Suite 2100
Cambridge, MA 02141
Telephone: (617) 252-3366

Date: 3\11\05

CERTIFICATE OF SERVICE

I, Tracy Morong, hereby certify that I have served a complete copy of the

foregoing upon all counsel of record by first class mail, postage prepaid, on

this ___11___ day of March, 2004.

Tracy Morong